2006 BNH 042

---

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:

Whispering Pines Estate, Inc.,                                  Bk. No. 05-56003MWV
AMI-Burlington, Inc.,                                           Bk. No. 05-56004-MWV
                          Debtors                               Chapter 11
                                                               Jointly Administered Cases


*Jennifer Rood, Esq.*
BERNSTEIN SHUR
*Attorney for the Debtors*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*Attorney for Flash Island, Inc.*

*Geraldine Karonis, Esq.*
OFFICE OF THE UNITED STATES TRUSTEE
*Attorney for United States Trustee*


## <u>MEMORANDUM OPINION</u>

The Court has before it the confirmation of Flash Island, Inc.'s ("Flash Island" or "Proponent")

plan of reorganization in the Chapter 11 case of Whispering Pines, Inc. (the "Debtor").  The Court held a

hearing on confirmation of the plan on July 21, 2006, and Flash Island and the Debtor both filed post-

hearing memoranda concerning their issues on confirmation.  The only objection to the plan was filed by

the Debtor prior to the hearing on confirmation.  The Debtor had filed its own plan of reorganization, but

was unable to confirm that plan, which was withdrawn prior to the hearing on confirmation of Flash

Island's plan.  Subsequent to the confirmation hearing, the Proponent moved to modify its plan by

deleting Section 8.3 of the plan, which section contained the so-called "Third Party Releases."

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

Flash Island's plan provides that the Proponent will sell the property known as Whispering Pines, and from the funds due the Proponent on account of its secured claim, it will cause a carve-out partially in favor of unsecured creditors.  Specifically, the initial carve-out is the sum of $40,000—$30,000 of which funds administrative claims and $10,000 provides some return to unsecured creditors.  The effect of the carve-out is that unsecured creditors receive a dividend ahead of the priority tax claims of the Internal Revenue Service and the State of New Hampshire.

The question before the Court is whether, on the facts of this case, the carve-out is consistent with the requirements of section 1129[1] of the Bankruptcy Code to have a plan confirmed.  The problem arises because the carve-out is pursuant to a plan and not a sale pursuant to section 363 of the Bankruptcy Code, in which this type of carve-out is permissible in the First Circuit under the SPM Manufacturing case.  See In re SPM Mfg. Corp., 984 F.2d 1305 (1st Cir. 1993) (involving a Chapter 11 debtor that ended in a conversion to Chapter 7 and a sale of assets pursuant to section 363).

In Armstrong World Industries, which held that the carve-out at issue violated the absolute priority rule, the Third Circuit distinguished the SPM case as not involving an 1129 plan and stated that the absolute priority rule did not apply in the sale context but did apply in the plan context.  Armstrong

---

[1]  All statutory section references herein are to the Bankruptcy Code, as amended, 11 U.S.C. §§ 101 to 1532.

World Indus., Inc., 432 F.3d 507, 514 (3rd Cir. 2005).  In the Armstrong case, the carve-out came from a class of unsecured creditors as opposed to a secured creditor, which is the situation in the instant case.

The Debtor argues that it should not be penalized for electing to use the plan process rather than a section 363 sale.  In either case, the Proponent, a secured creditor, is using funds that it is entitled to as a means of funding the carve-out.  The other side of the argument is that, while the result might be the same, in order to confirm a plan, the Proponent must comply with the requirements of section 1129 of the Bankruptcy Code.

The Proponent further argues that because the plan has been accepted by the impaired classes entitled to vote, the Court does not need to consider the provisions of section 1129(b).  The Court, however, believes it must consider the fact that Classes 6 and 8 did not vote.

The plan Proponent has filed a certificate of vote indicating that Classes 1, 2, 3 and 7 have accepted the plan.  Class 6 is the priority tax claims and is listed in the certificate of vote as ineligible to vote.  The Proponent's disclosure statement indicated in paragraph 3(D)(B) that this class was ineligible to vote.  While the IRS filed an objection to the original disclosure statement (Ct. Doc. 174), it did not object to this treatment.  The IRS did not file an objection to the plan.  Based on this failure to object to its non-voting status, the Court finds that Class 6 is deemed to have accepted the plan.

Class 8 is that of Mr. Ramsay, the sole equity holder of the Debtor.  The plan provides no return to the equity holder and that upon confirmation his interest will be cancelled.  Pursuant to section 1126(g) of the Bankruptcy Code, this class is deemed to have rejected the plan.  However, since no junior class is receiving any property under the plan, the plan meets the requirements of 1129(b)(2)(C), and the Court finds that the plan is fair and equitable and does not discriminate unfairly against any class.  Based on the above, the Court confirms the Chapter 11 plan of reorganization of Flash Island and will issue a separate confirmation order.

The Court has also granted the Proponent's motion to modify the plan by a separate order of even date.

- 3 -

<u>**CONCLUSION**</u>

The Court is rendering this decision on the specific facts of this case, the provisions of the plan and disclosure statement, and the unobjected-to voting procedures, reserving its right to revisit the <u>SPM</u> carve-out issue in the context of a different plan.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate confirmation order consistent with this opinion.

DATED this 23rd day of October, 2006, at Manchester, New Hampshire.

<u>/s/ Mark W. Vaughn</u>
Mark W. Vaughn
Chief Judge