2006 BNH 051
_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-56003-MWV |
| | Chapter 11 |
| Whispering Pines Estate, Inc., | Jointly Administered Cases |
| and AMI-Burlington, Inc., | |
|               Debtors | |

*Jennifer Rood, Esq.*
BERNSTEIN SHUR
*Attorney for Debtor*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*and*
*R. Carl Anderson, Esq.*
SULLOWAY & HOLLIS, P.L.L.C.
*Attorneys for Flash Island, Inc.*

*Geraldine B. Karonis, Esq.*
OFFICE OF THE UNITED STATES TRUSTEE

## MEMORANDUM OPINION

The Court has before it two motions filed by Flash Island, Inc. The first is a motion for relief from the automatic stay, and the second is a motion requesting this Court to instruct the United States Trustee to appoint a Chapter 11 trustee. The Debtor has objected to both motions, and the United States Trustee has objected to the Chapter 11 trustee motion.[1] While in the usual case, these motions are straightforward, that is not the case here, requiring a brief description of the status of the case.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy

---

[1] Prior to plan confirmation, the United States Trustee had filed a motion to appoint a trustee, as well. However, since confirmation of the plan, the United States Trustee now joins the Debtor in arguing that 11 U.S.C. § 1104(a) prohibits the Court from directing the United States Trustee to appoint a trustee.

Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

This case was filed on November 16, 2005, along with a companion case, AMI-Burlington, Inc., d/b/a The Anchorage Inn.  Both the Debtor and Flash Island filed plans of reorganization.  At the hearing on confirmation of both plans, the Debtor withdrew its plan since it did not have the requisite acceptances.  The Court subsequently issued an order on October 23, 2006, confirming the Flash Island plan.  The Debtor has since appealed that order and has subsequently filed a new plan of reorganization after Flash Island filed its two motions currently before the Court.  The Debtor's current plan is partially premised on an avoidance action against Flash Island despite the fact that the Court issued a cash collateral order on April 19, 2006, giving all parties sixty days to object to the amount and/or validity of Flash Island's lien.  No objections were filed.

In the Debtor's initial objection to the two motions before the Court, the Debtor argued that, since it had appealed the confirmation order, the Court no longer had jurisdiction to rule on the subject matter of the two motions.  While the Court acknowledges that a timely appeal divests the Court of jurisdiction over the matters under appeal, the Court ruled from the bench on December 6, 2006, that the subject matter of the two motions was different from the matter under appeal and, thus, the Court had jurisdiction to hear and rule on the two motions.  Specifically, the appeal questioned whether the requirements of section 1129[2] were met, allowing the Flash Island plan to be confirmed, not whether a Chapter 11 trustee should be appointed or relief from the automatic stay granted.  Under the Debtor's theory, the case would come to a halt until the appeal was decided.  Since the confirmation of the plan binds the Debtor as well as other creditors, the filing of its second plan is inconsistent with its own theory.  Unlike specific pieces

---

[2] All statutory section references herein are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 101, *et seq.*

of litigation, bankruptcy cases, especially reorganizations, contain many issues all proceeding at the same time.  Other than the specific issue on appeal, the case must proceed.

At the hearing on the motion to appoint a trustee, the Debtor raised for the first time that section 1104 prevented the Court from appointing a trustee since a plan had been confirmed.  "At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee . . . ."  11 U.S.C. § 1104(a).  The United States Trustee supported the Debtor's position, and Flash Island rejected it.  The Court asked the parties to submit briefs on the issue, which they did.

## DISCUSSION

The Court will first address the motion for relief.  Flash Island's motion alleges that as of the petition date, it had a valid first mortgage in the amount of $489,769.81 and a valid second mortgage in the amount of $920,606.17 for a total of $1,410,375.98.  As indicated above, there were no objections filed pursuant to this Court's April 19, 2006, order.  At the contract rate on both mortgages, total monthly interest accrues at about $12,585.  The Debtor has been making adequate protection payments of $3,000 per month.

Flash Island's Exhibit 101 is an appraisal of the Debtor's property as of October 1, 2006, prepared for Mr. Charles M. Beynon.  Mr. Beynon was an interested purchaser and the son of Bill Beynon, who works for the Debtor.  That appraisal shows a fair market value of $1,800,000 and a liquidation value of $720,000.  The use of the Debtor's property is residential assisted living with sixteen beds.  While the appraisal supports an equity cushion of approximately $400,000, Mr. Charles Beynon is no longer an interested purchaser at the appraised price.  The Debtor's Exhibit 1 is a letter from Hallock Ryno Investments, Inc., an investment firm, indicating an intent to finance the Debtor in the amount of $1,050,000 based on the Debtor's collateral.  The Debtor's principal, Mr. David Ramsey, testified that there have been other indications of interest in refinancing, none of which have materialized, and none

would have been in an amount to satisfy the obligations alleged to be owed to Flash Island.  (See Flash Island Exs. 102–105.)  The above exhibits and testimony of Mr. Ramsey on the Debtor's efforts to refinance cast serious doubt on whether the appraised value of $1,800,000 is realistic and whether an equity cushion exists.  While Flash Island offered no contrary appraisal evidence, the Court finds that the Debtor's inability to adequately refinance is sufficient to support Flash Island's burden to show lack of adequate protection.

The Debtor further argues in opposition to the motion that its current plan of reorganization is "in prospect."  See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375–76 (1988).  However, the Court is skeptical whether the current plan can be or will be confirmed.  First, it relies on an adversary proceeding to avoid Flash Island's second mortgage or invalidate the amount of the second mortgage despite this Court's April 19 order.

Second, even if the lien is avoided, unless the Court reduces the amount owed, Flash Island would most likely control the class of unsecured creditors, making acceptance of the plan unlikely.  Finally, the plan contemplates that Mr. Ramsey will retain his ownership interest, further making confirmation problematic.

## CONCLUSION

Based on the above, the Court finds that pursuant to section 362(d)(1), causes exists to grant relief from the automatic stay, and hereby grants Flash Island relief from the automatic stay.

Having granted relief from the automatic stay, the Court finds it unnecessary to rule on the propriety of appointing a Chapter 11 trustee at this point in the case.  Whether section 1104 permits the appointment of a trustee would require the Court to determine whether, pursuant to the relevant sections of the Bankruptcy Code and the Debtor's plan provisions, the plan on appeal is confirmed for purposes of section 1104.  The answer to that question will have to wait for another day.  Consequently, the motions for the appointment of a Chapter 11 trustee are denied.

This opinion shall not affect the Debtor's obligation to comply with this Court's order of even date authorizing the continued use of cash collateral.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 28th day of December, 2006, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge
