2007 BNH 005

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-56003-MWV |
| | Chapter 11 |
| Whispering Pines Estate, Inc., | Jointly Administered Cases |
| and AMI-Burlington, Inc., | |
| Debtors | |

*Jennifer Rood, Esq.*
BERNSTEIN SHUR
*Attorney for Debtor*

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*and*
*R. Carl Anderson, Esq.*
SULLOWAY & HOLLIS, P.L.L.C.
*Attorneys for Flash Island, Inc.*

*Geraldine B. Karonis, Esq.*
OFFICE OF THE UNITED STATES TRUSTEE

## MEMORANDUM OPINION

The Court has before it the Debtor/Appellant's Motion for Stay Pending Appeal. The motion relates to this Court's order granting relief from the automatic stay to Flash Island, Inc. ("Appellee"), which order the Debtor has appealed. The Court held a hearing on the motion on January 9, 2007.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

DISCUSSION

The Debtor first argues that it is entitled to a stay upon the approval by the Court of a supersedeas bond.  The Court disagrees.  The matter on appeal is a contested matter.  Rule 9014 provides for the application of certain Part VII rules to contested matters.  Rule 7062 is not included in Rule 9014, and thus there is no stay as a matter of right by filing a supersedeas bond in a contested matter.  However, the Court, in its discretion, may order a stay upon the filing of a supersedeas bond.  As to the amount of a bond, the parties are in total disagreement.  The Appellant argues that the Appellee is adequately protected by its collateral, and a nominal bond of $5,000 is sufficient.  The Appellee believes that the bond should reflect the difference in the appraisal presented by the Debtor between the liquidation value and the fair market value of the collateral, which would be approximately $1,000,000.  The Court has already indicated that it has doubts in the amount of the fair market value appraisal and would issue a stay upon the filing of the supersedeas bond with corporate surety in the amount of $700,000.

The Appellant further argues that it is entitled to a stay without a bond in that it meets all of the prongs of the traditional four-part test for a stay pending appeal.  They are (1) whether the applicant has shown a likelihood of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties, including the nonmoving party; and (4) whether the public interest supports the granting of a stay.  See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 n.3 (1st Cir. 2002).

First and foremost, the Court does not believe that the Appellant has a substantial chance of success on the merits.  See In re Pub. Serv. Co. of N.H., 116 B.R. 347, 349 (requiring under the "likelihood" prong that the applicant has a "substantial" or "strong" case on appeal).  The Court has twice ruled that it has jurisdiction to hear the motion for relief.  Its opinion has not changed.  Second, the Appellant argues that it has a confirmable plan in prospect, which provides adequate protection to the Appellee.  Once again, for the reasons set out in its order on the motion for relief, this Court disagrees.

Cases set out on page 9 of the Appellant's motion for a stay do not support its position on the facts of this case where it has entered into a bargained-for cash collateral agreement and order that provided for an objection period for challenges to the "nature, extent, priority and perfection" of Flash Island's lien, and no objections were filed within that time period. (April 19, 2006, Order, Dkt. No. 161.)

On January 23, 2007, the Appellant filed its supplemental memorandum of law referring the Court to The Official Creditors' Comm. for QMect, Inc. v. Electrochem Funding, LLC (In re QMect, Inc.), 349 B.R. 620 (Bankr. N.D. Cal. 2006), in support of its position that the proposed avoidance action in its plan of reorganization is not barred by the April 19, 2006, cash collateral order of this Court. This Court does not find that case persuasive for the following reasons. First, under the cash collateral order in that case, the secured party had to file a valid proof of claim within the time period, which it did not do. Second, the cash collateral order pertained to only one of two secured creditors. Third, the order in that case did not include the "nature" of the claim as it does in this case. Fourth, the procedural posture of that case was an amendment to an adversary proceeding that continually referred to non-perfected liens of the secured party, which adversary was brought within the objection period of the cash collateral order. Finally, the Court disagrees that the language in this case can be interpreted as it was in that case to bar only state law challenges. Even if one could possibly construe it that way, the proposed action in this case is, in fact, a state law fraudulent conveyance action under 11 U.S.C. § 544.[1]

## CONCLUSION

For all the above reasons, the Court finds that the Appellant does not have a likelihood of success on the merits and denies the motion for stay pending appeal. Having found that the Appellant does not have a substantial or strong case on appeal, the Court need not address the other three prongs of the above-stated test for a stay pending appeal.

---

[1] 11 U.S.C. § 548 was amended to extend the one-year period to two years, but only effective in cases filed after April 20, 2006. This case was filed November 16, 2005.

The Court notes, however, that the Appellant's arguments as to irreparable harm, prejudice to others, and public interest all revolve around the proposition that the assisted living facility, the subject of this Chapter 11 case, will close if the Appellee exercises its right to the collateral.  This theory has only been advocated by the Appellant in an effort to retain control of its assets in the reorganization process.  With the cooperation of the Appellant, there is no reason that closure of the facility must result.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 24th day of January, 2007, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge