2007 BNH 044
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-56003-MWV |
| | Chapter 11 |
| Whispering Pines Estate, Inc., | Jointly Administered Cases |
| d/b/a The Pines at Edgewood Centre, | |
| and | |
| AMI-Burlington, Inc., | |
| d/b/a The Anchorage Inn, | |
|         Debtors | |

Flash Island, Inc.,
        Movant

v.

Whispering Pines Estate, Inc.,
d/b/a The Pines at Edgewood Centre,
        Respondent

*William S. Gannon, Esq.*
WILLIAM S. GANNON PLLC
*and*
*R. Carl Anderson, Esq.*
*Kelly L. Ovitt Puc, Esq.*
SULLOWAY & HOLLIS
*Attorneys for Movant*

*Jennifer Rood, Esq.*
BERNSTEIN SHUR
*Attorney for Debtor/Respondent*

## MEMORANDUM OPINION

The Court has before it the Second Motion of Flash Island, Inc. ("Flash"), for relief from the automatic stay. This Court had previously granted Flash's motion for relief from stay, which was overturned on appeal by order of the Bankruptcy Appellate Panel based on the fact that Flash's plan of reorganization, which was confirmed by this Court, was under appeal. On June 28, 2007, the confirmed plan was overturned by the Bankruptcy Appellate Panel, leaving Flash free to bring this second motion,

which it did on September 18, 2007. Whispering Pines Estate, Inc., d/b/a The Pines at Edgewood Centre (the "Debtor"), objected to the motion, and the Court held a full-day evidentiary hearing on October 31, 2007. Subsequent to the hearing, Flash and the Debtor filed memoranda of law.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

Flash seeks relief pursuant to 11 U.S.C. § 362(d)(2).

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> . . . .
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if —
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(2). The Court must first determine whether there is equity in the property, which is a sixteen bed residential care facility occupied by privately paying clients. At trial, the only evidence of value of the property was an appraisal of Capital Appraisal Associates, Inc. and the testimony of its principal, Louis C. Manias. It was his opinion "[o]n the basis of my inspection, investigation, study and analysis . . . that the 'as is' fee simple unencumbered market value of the subject property, as a going concern, as of August 25, 2007 is . . . $1,525,000." (Ex. 33 at p. 2.) Mr. Manias supported this opinion at

trial, subject to the cross-examination by the Debtor's counsel. The Court finds that the methodology used by Mr. Manias in forming his opinion on this particular property to be credible. In the absence of any contrary expert evidence as to the value, the Court finds that the value of the subject property is $1,525,000.

The Court must next determine, given this value, whether there is any equity in the property. Flash, which holds two notes from the Debtor secured by the first and second mortgages on the premises, submitted as its Exhibit 34 a summary of its claim as of the petition date and as of September 17, 2007. Ms. Helen Fontaine, who is employed by Flash, testified as to the calculation of the amounts shown on Exhibit 34. Those calculations included on each note a default rate of interest, a default fee and, on the first note, attorneys fees and costs of approximately $210,000. The Debtor argues that the default interest and the default fee should not be included in this reorganization proceeding and that the totality of the fees and costs do not pertain to the first note and are unreasonable.

While not ruling on those issues, the Court has recalculated both notes using only the contract rate of interest as follows:

First Note:

| | |
|---|---:|
| Principal Due on Filing Date | $ 425,000.00 |
| Interest at Contract Rate on Filing Date | 16,214.76 |
| Two Years' Interest at Contract Rate | 100,000.00 |
| Total on First Note | $ 541,214.76 |

Second Note:

| | |
|---|---:|
| Principal Due on Filing Date | $ 815,747.82 |
| Interest at Contract Rate on Filing Date | 12,780.00 |
| Two Years' Interest at Contract Rate | 194,000.00 |
| Total on Second Note | $1,022,527.82 |

  Total Due:

|  |  |
|---|---|
|  | $ 541,214.76 |
|  | + 1,022,527.82 |
|  | $1,563,742.58 |
| Less Payments | -   68,000.00 |
|  | $1,495,742.58 |
| Plus Taxes Due | +   22,000.00 |
|  | $1,517,742.58 |

This calculation is essentially equivalent to the value of the property without assessing any fees. The Court finds that there is no equity in the property.

  The next issue the court must determine is whether the property is necessary for a reorganization. In making this determination, the Court is guided by <u>In re Timbers of Inwood Forest Assocs. Ltd.</u>, 484 U.S. 365 (1988), that under section 362(d)(2), there must be a reasonable possibility of a successful reorganization within a reasonable time. The Court is also guided by the First Circuit case, <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26 (1st Cir. 1994), that the determination of a motion for relief is a summary process and not a full-fledged hearing on all confirmation issues.

  In assessing whether a reorganization is in prospect, the Court notes that, subsequent to the filing of this motion for relief, the Debtor modified its plan of reorganization, which is currently set for a confirmation hearing in January 2008. First, the Debtor created a note from AMI-Burlington, which is also a debtor in this Court, to it in the amount of $760,871, which the Debtor proposes to assign to Flash as additional security. However, that note is apparently unsecured. Second, the plan apparently pays no administrative expenses ahead of Flash other than the fees required by the exit financing. Third, the Court notes that the reorganization plan threatens to bring an adversary proceeding to avoid the second note and security held by Flash. No action has been commenced, and the Court gives no weight to that provision in rendering this opinion.

In order to complete the analysis under section 362, the Court must determine whether the Debtor has a reasonable chance of confirming its Chapter 11 plan. In order to accomplish this, the Court must determine whether Flash's second lien position is impaired. The Debtor argues that Flash's secured position remains the same and/or it is receiving the indubitable equivalent of its claim by the assignment of the AMI note to the Debtor.

First, the Court finds that Flash does not retain the same secured position under the plan as it would have without the refinancing. The plan proposes to pay a total of $84,000 in fees to the new lender as part of the refinancing. At least up to this amount, the secured position of Flash has been impaired. To the extent any other administrative claims are anticipated to be paid ahead of Flash, that also would further impair the current secured position of Flash. Second, the Debtor argues that the assignment of the AMI/Whispering Pines note gives Flash the indubitable equivalent of a secured claim. However, that note is unsecured, and Flash already apparently has the guaranty of AMI so that there is no increase in the collateral package it already holds. Whether or not this note provides the indubitable equivalent is an issue to be determined at the confirmation hearing.

Other issues remain that cast doubts on whether the plan can be confirmed as proposed. Some of these issues are as follows. First, there is at least the issue of feasibility, and in this case the contract rate of the new note is 13%, up from the contract rate of 12.5%. There is also a question in the Court's mind of the treatment of other administrative expenses from the loan proceeds, which could further weaken Flash's secured position. The security for the Beynon loan or its proposed priority has not been disclosed. Finally, a determination will have to be made as to whether Flash is entitled to a default rate of interest and default fees on one or both loans.

## CONCLUSION

The confirmation hearing on the Debtor's plan of reorganization is currently set for January 9, 2008.  The Court has decided to defer making a final ruling on this motion for relief pending that confirmation hearing.  However, by virtue of this opinion, the Court has made findings that there is no equity in the property and that the secured position of Flash is impaired under the plan.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate order consistent with this opinion.

DATED this 21st day of December, 2007, at Manchester, New Hampshire.

                                            /s/ Mark W. Vaughn
                                            Mark W. Vaughn
                                            Chief Judge